The next matter, No. 25-2054, Natasha Urena et al. v. Travelers Casualty and Surety Company of America. At this time, would Counsel for the Appellants please introduce himself on the record to begin? Yes, Your Honor. Good morning. Benjamin King from Douglas, London & Garvey for the appellant, the estate of Rodriguez Morrell. This appeal calls upon the court to assess whether a reasonable interpretation of the policy at issue and the EPL endorsement allows coverage of the estate's employment claim. If so, the court should exercise its de novo review power here to reverse the district court, which found on a motion for judgment on the pleadings that conclusively the EPL endorsement did not cover Ms. Rodriguez Morrell's endorsement claims. Why should it cover her claims? Because it seems to me, from the opinion below, that she submitted her claims sometime in November of the year in question and the new policy came into effect in December. The policy, the EPL policy, came into effect December 4th of 2020 and went through August 5th of 2021. And the claims were submitted in November before the policy came into effect. Isn't that correct? One demand was submitted in November. But this calls upon us to look at the... Okay, it was November 19th, 2020. Approximately. November 6th, 2020. I have your honor. There was a demand and an update. There was a draft complaint submitted on November 6th, 2020. That actually does not qualify as an employment claim within the definition of the policy. There were two events that occurred during the effective period of the endorsement. Does the charge filed with the EEOC and the New Hampshire Commission on Human Rights qualify as a claim, an employment claim under the policy? It would qualify, I believe, your honor, as a prior proceeding. Well, number four on this list is a formal administrative or regulatory proceeding. Yes. And then it goes on and I won't read the whole thing. Yep. So we had that. Yes. Notice of it was it was served on the company prior to this policy going into effect. Correct. So your argument has to be that that doesn't do it because if that's the employment claim we're considering, your client would lose. So it has to be that it's the actual district court complaint that controls. That's your argument. That is that is not my argument, your honor. Let me go back a little bit. I thought your argument was that the whole thing I thought turned out whether the related claims provision applies to the EPO. That is absolutely true, your honor. What is absolutely true, that that's the whole issue? No. So one of. We're off on the wrong foot, all of us. So, yeah, let's start it this way. Let me do it this way, okay? Yeah. Were there any qualifying complaints filed during the policy period, by which I mean the period in which the EPL endorsement was in effect? Yes. Okay. Was there some that were potentially filed before that time? Yes. Okay. So first question is, does the fact that there were some filed before that time negate your ability to get recovery on the ones that were filed after the endorsement period was in effect, right? That is exactly right, your honor. Okay. So in order for the earlier ones to negate it, two things have to be true. The earlier one itself has to qualify as a claim, and the related claims provision has to apply to it, to the EPL endorsement.  Okay. I agree with that. So let's start with the first one. Was there anything filed prior to the endorsement taking effect that would qualify as a claim? Yes. Okay. So then the whole thing turns on, does the related claims provision, which generally applies under the policy, apply to an EPL? Yes. Correct. You say no. That's correct. Okay. Why do you say no, given that under the policy, it says, here's what a claim is. One thing a claim is, is a claim that's defined under the endorsement. As to all claims, whatever the claim is, the related claims provision applies. So why would it not apply to this claim, just like every other claim? There are several reasons, Your Honor. And one is that if you look at the EPL endorsement includes at Appendix 75 through Appendix 77 a number of exclusions. There's nothing on there for a related act exclusion. And the core principle that we're relying on here. Why would we be looking for an exclusion? Why wouldn't I just take an ordinary claim, right? An ordinary claim must be made within the policy period to be covered. That's what the policy says. But then it has a separate thing. All claims are deemed filed within the policy period as of the time when the claim was made for a related claim, right? Roughly speaking. But when the endorsement modifies the policy. But it modified it by including things that otherwise were not claims, employment claims, as now being claims. So how does that get rid of the related claims provision? The endorsement modifies the policy in several respects. But what in it modifies the general provision, which says that it doesn't modify the provision saying that a claim includes a claim under the endorsement, right? It doesn't modify that, correct? In the policy it says. The endorsement includes a specific definition of employment claim that is not present in the policy. But the policy as a whole gives a definition of what a claim is. Your Honor, if you look at the initial policy, the initial policy has a prior or preceding employment date of August 5th, 2021. Meaning that no claims can be noticed before August 5th, 2021 under the initial general policy. However, if you look at the endorsement on page 59 of the appendix, the endorsement modifies the initial policy. And now sets prior and pending preceding dates of December 4th, 2015. And then if you look at the exclusions under the endorsement, again, there is no related wrongful act exclusion under the endorsement. Instead what we have are endorsements 4 and 5 on appendix 76 that state that the claim cannot arise out of a wrongful act that occurs before December 4th, 2015. Now I would submit to you that if the related wrongful act exclusion in the original general policy applied to the endorsement, then the change in the prior and pending preceding dates from the general policy to the endorsement would be meaningless. Okay, let's put that aside for a second. I understand that argument. Do you have any other argument? I thought you were making a separate argument independent of that. That suggested that the related claims provision of the general policy did not apply. I am. I am. Okay, why don't you, what is that argument? Sure. And I think that, I think that the court could actually rely on the New Hampshire Supreme Court's decision in Brickley to decide this case. Because in Brickley, the court said, and that this also had to do with... Before you get to Brickley, just textually under the agreement, put aside the prior and pending litigation point. And I get that, that you say that would create a conflict, render it meaningless, that's how we know there's an ambiguity. Yes. But if we just deleted that provision for a second, you'd still say there's an ambiguity. Yes. Textually why? Because there's no related wrongful act exclusion. Okay, on that point, I just am not following why there would need to be one, given the fact that all claims under the policy are subject to the related claims provision. Why would this claim be different? What in the endorsement suggests it would be different textually? Well, I think one thing we may be doing is conflating related claims with related wrongful acts. No, I'm not. There's a related claims provision in the general policy, correct? Yes. And that says all claims are subject to that. Yes. So why would we think the endorsement provision in referring to an EPL meant to exclude that claim from that general provision? Because employment claim is defined differently under the endorsement. That's what I don't understand. How is it defined differently than any other claim? It's got its particulars. Here's the thing that make it an employment claim. But it has to be filed during the policy period, just like every other claim has to be made during the policy period. But all claims are deemed filed in the policy period when made if it's related. And why is this any different? I don't see what the endorsement suggests it's different. So long as one event that qualifies as an employment claim is first made to the insurer during the policy period, then there is coverage. Isn't that true of all claims? And then we look to the related act provision to see, no, that's not true. That's true of every claim. Yes. So why is this any different? And then you get to the... So then you get to the... I understand. Then there's a separate point about the litigation provision shows an inconsistency. If you're right about that, that's a separate point. But on that threshold point, I just don't see how it's true of all claims that they have to be filed during the policy period. And if there was no provision saying, but all claims are treated as having been filed when the related claim was filed, then you would treat them as all have been filed later. But under the policy, you don't. So why is this any different? I just don't see that. I think if the insurer had wanted the related wrongful acts exclusion to apply to the EPL, then the insurer could easily have included that in the list of exclusions. But one way you would have thought they might have included it is when they said in the general policy, it applies to all claims. But the endorsement trumps the general policy to the extent that the endorsement... Can I ask you one last question on this before you get to the inconsistency with the litigation proceedings? It seems to me there might be a question whether a non-EPL claim, I'm sorry, whether an EPL claim filed prior to the endorsement constitutes a claim at all. But I don't take you to be having made that argument. Is that right? I mean, just being straight up, I don't think you've made the argument. That there's an ambiguity because it's not clear whether a notice of an EPL claim made before the endorsement even counts as a claim. Since it wasn't covered under the policy, I could see an argument that, well, that's just not a claim. There's nothing to relate it to, even though now it's covered. But you don't make that argument, I take it. We didn't brief that argument. OK, so then the last piece then is this litigation. And your reason for saying it's inconsistent is what? Because the prior and pending proceeding definition in the general policy means that nothing that happened before August 5th, 2021 could be covered. But the EPL changes that on pages 59 and 60 and allows for coverage of prior or pending proceedings that arose dating back to December 4th, 2015. So I think that at a minimum, that creates an ambiguity about whether this claim is covered. Because I think that the related claims provision and that those prior and pending proceeding dates now going back to December 15, December of 2015, are potentially irreconcilable. And because they're potentially irreconcilable, we have to resolve that ambiguity in favor of the insured. And find that at a minimum, it was improper for the district court to conclude conclusively that there's no coverage under this policy. Thank you. Thank you, Your Honor. Thank you, counsel. At this time, would counsel for the appellee please introduce themselves on the record to begin? Good morning. May it please the court. Kathleen Adams with Wood, Smith, Henning and Berman for the appellee travelers, casualty and surety company of America as a starting point. And before I dive into my argument, I just like to clarify a point that counsel raised with respect to the related claims provision. So there is the related claims provision that's in the general terms and conditions section on appendix page 18. However, in addition to that, in the EPL coverage form, beginning on page 74, and the actual definition is on appendix page 75, there's an express related acts provision. Yeah, but that's not a related claims provision. It specifies that all related wrongful acts, it tracks the language in the related claims provision, Your Honor. I don't understand. That's not telling you when the claim has been made. So what it states is all related wrongful acts are a single wrongful act for the purposes of this liability coverage. But for your case to work, we can't be relying on the complaint that was eventually filed in the district court. We have to be relying on the administrative claim or the letter that was sent. I'm going to use the administrative claim. That has to be the thing. And what makes that the thing is that wrongful acts multiple get combined if they're based on the same nucleus of operative facts to be one claim. That comes from the related claim provision in the underlying policy, not what you're reading from now, right? Well, I would just represent, Your Honor, that this provision goes on to say that all related wrongful acts will be deemed to have occurred at the time of this first such related wrongful act. But that doesn't get you to the claim has to be one of these predecessor claims, which is I'm using the administrative complaint. That doesn't get you there because that doesn't tell us whether that's a claim or not. That just tells us that all the acts come on one date. But that's not the question. Yes, Your Honor. But I think when we read that in conjunction with the related claims. OK. But their contention is we would never do that because the related claims provision has been superseded by the endorsement. What's your answer to that? My answer is that they're not inconsistent with each other and that we don't get to that point where they're superseded unless there's an inconsistency and there's an ambiguity. And here we don't arrive. Why is there no ambiguity? There's no ambiguity because they can be read consistently with one another. And I think if we look to the case law in the First Circuit, including the biochemics case, as well as the phrase all claims in the related claims provision. Does that matter or not? The term matters, Your Honor. Yes. How do you think it matters? It matters because it explains and encompasses the definition or the scope of that provision, Your Honor. But I would ask that that be read in conjunction with the policy language, which states that those provisions apply to each of the coverage sections in the policy. And particularly when we look at that in conjunction with the EPL coverage form. So if I'm tracking your argument, before we get to whether there's an inconsistency, there has to be some reason to think the related claims provision applies to an EPL claim. And so could you just walk me through your textual view as to what in the policy suggests an EPL claim is subject to the related claims provision? The related claims, the general policy provisions apply with respect to each coverage form under the policy. And that's clear because it defines claim to be whatever is in the liability? In the liability coverage section. And then you take, so that's what a claim is. So that includes EPL in your view. And then you go to related claims, all claims. That's one of them. Therefore, we would apply the related claims provision to an EPL claim just like any other claim. That's your textual reading. Correct, yes. The only hitch then for you is the litigation proceeding provision, which they say is inconsistent with that and shows that there's an ambiguity because you can't read it that way without rendering that language surplusage. What's your answer to that? So our response to that is they can be easily reconciled. And the definitions or the provisions that relate to the prior proceedings as well as the continuity date language are set forth on appendix page 76. And basically those establish outer limits with respect to the coverage afforded under the EPL policy. So there's not going to be any coverage with respect to a claim or with respect to certain facts or circumstances that occur before that December 4th, 2015 cutoff date. Plainly, if there was a complaint that had been filed with the Commission on Human Rights that was from 2014 and for whatever reason it never got served on the company, there's an argument that that's not a claim other than this provision because they never got the notice that they're supposed to get. And this thing's purpose is to preclude that because it's just too old? That's exactly correct, Judge Aitframe. It's setting outer temporal parameters on the coverage that's afforded under the policy, and it can be read consistently with the other policy provisions. There also hasn't been any on-point binding authority that have found these provisions to be inconsistent. Prior to the endorsement, would any of the six things listed in the endorsement as qualifying as an EPL claim? The endorsement lists six different things that would qualify as an EPL claim, right? Prior to the endorsement, would any of those qualified as claims under the policy? They would qualify as claims under the policy. There is, however, an express exclusionary provision that excludes certain employment claims that are made against the insured organization. And if you'd like that citation, I can get it in the appendix. And the exclusion doesn't, does the exclusion exclude them from qualifying as claims? Or does it exclude just coverage for the claim? It excludes coverage for those types. It specifies that when there's a claim... So even a claim for one of those six things prior to the endorsement would have been a claim under the plain terms of the policy. It just would have been something you couldn't get coverage for, but the related claims provision would still apply to it, et cetera. Correct. Okay. And just so I follow, what would make it a claim under the policy, just the definition of claim? It would be the definition of claim. And what's the definition of, what's the general definition of claim? May I grab my policy? Yeah, maybe I'll do the same. So before I get to the general definition of claim, the exclusionary language that I was referring to is on appendix page 39, which talks about... I get, well, this I guess is what I'm, this is maybe the ambiguity. I just want to understand this so that maybe this isn't being argued, but I just don't want to, I want to understand if this is right. It says claim has the meaning set forth in the applicable liability coverage. So prior to the endorsement, how would any of the things in the endorsement qualified as a claim? So I was referring, when I was referring to the exclusion, that's in the existing policy and that's included in the private company director and officer's liability coverage, which defines the term claim on page 34. As what? A written demand for monetary damages or other non-monetary relief, a civil proceeding. I see. It goes on from there. It includes a formal administrative or regulatory proceeding. I see. And then what do we do about the fact that it separately says claim has the meaning set forth in the applicable liability coverage? I guess that really wouldn't matter necessarily for this point. Okay. No. Thanks. And I would also represent, as counsel acknowledged, that that's not an argument that's been presented on appeal. So the crux of traveler's position is that there was the claim presented with the EEOC in March 2019, and that was over 20 months before the EPL policy was issued. In addition, there was also there were settlement demands or there were settlement discussions. Additionally, in November of 2020, once again, before the EPL coverage was issued, there was a detailed draft 27-page complaint that was forwarded to the insured. And that complaint contains the exact same factual allegations, and it contains the exact causes of action that were included in the complaint that was ultimately filed with the court. And so in addition to the fact that we have that administrative charge that was filed before the EEOC, which constitutes a claim, we also have a written demand for monetary relief. And it would, just from a practical perspective, be very unreasonable to allow an insured to obtain a draft 27-page complaint and then go out and purchase an insurance policy that would afford coverage with respect to that claim, particularly when there had already been an EEOC and commission proceedings that had been going on for over a year that arise out of the exact same facts and the same causes of action. This isn't a situation where there's any sort of discrepancy between the allegations that are being made, which sometimes arises with the related claims provisions. Here, we're dealing with the exact same underlying facts, and we're dealing with the same causes of action. We'd further represent that the case law cited in the briefs, including the biochemics decision, as well as the Pine Bluff decision from the Eighth Circuit, are on point with the arguments that we're presenting and the analysis that we're presenting. Does the court have any additional questions that you'd like me to address? Thank you. Okay, thank you. Thank you, counsel. That concludes argument in this case. All rise.